IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Kenneth Syncere Rivera, a/k/a Kenneth D. Rivera, a/k/a Kenneth Rivera, | ) ) ) ) | Civil Action No.: 8:15-cv-03318-JMC-JDA |
| Plaintiff, | ) ) | |
| vs. | ) ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Bryan P. Stirling, Director; Elbert Pearson, S.I.U; Lieutenant Skipper, Contraband; Mr. McFadden, Warden; Ms. Ravenell, I.C.C.; Michael R. Mathews, | ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to dismiss filed by Defendants [Doc. 25]
and motions to strike Defendants' motion to dismiss [Doc. 29] and reply [Doc. 41], and for
appointment of counsel [Doc. 54] filed by Plaintiff. Plaintiff is proceeding pro se and
brought this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of
28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C., this magistrate judge is
authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and to submit
findings and recommendations to the District Court.

Plaintiff filed his this action on August 17, 2015,[1] alleging violations of his
constitutional rights pursuant to 42 U.S.C. § 1983. [Doc. 1.] Plaintiff filed an Amended

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison
authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). In
this case, construing the filing date in the light most favorable to Plaintiff, this action was
filed on August 17, 2015. [Doc. 1 at 7 (Complaint signed August 17, 2015).]

Complaint on October 26, 2015. [Doc. 19.] Defendants filed a motion to dismiss for failure

to state a claim on December 30, 2015. [Doc. 25.] On January 4, 2016, the Court issued

an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising

Plaintiff of the summary judgment/dismissal procedure and of the possible consequences

if he failed to adequately respond to the motions. [Doc. 26.] Plaintiff filed a response in

opposition to Defendants' motion, along with a motion to strike Defendants' motion, on

January 11, 2016. [Docs. 28, 29.] Defendants filed a reply on January 21, 2016. [Doc.

34.] Plaintiff moved to strike Defendants' reply on February 2, 2016. [Doc. 41.] On June

15, 2016, Plaintiff moved for appointment of counsel. [Doc. 54.] Accordingly, the motions

are ripe for review.

## BACKGROUND[2]

Plaintiff states that he is a validated security threat group ("STG") member confined

at Lieber Correctional Institution ("LCI") in the Restricted Housing Unit ("RHU"). [Doc. 19

at 3.] Since May 28, 2015, Plaintiff has complained to Defendants about being denied an

opportunity to speak and defend his innocence at the monthly STG review hearings. [*Id.*]

Plaintiff states he was informed that he must "renounce" being a blood gang member to be

declassified as a STG member. [*Id.*; Docs. 19-1, 19-5.]

Plaintiff alleges his Due Process rights under Fourteenth Amendment have been

violated. [*Id.* at 2.] Plaintiff seeks compensatory and punitive damages, as well as an

---

[2] The facts included in this background section are taken directly from Plaintiff's
Amended Complaint. [Doc. 19].

2

order demanding release from the RHU.  [*Id.* at 4.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiff brought this  action pro se, which requires the Court to liberally construe his

pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Pro se pleadings are held to a less

stringent standard than those drafted by attorneys.  *Gordon v. Leeke*, 574 F.2d 1147, 1151

(4th Cir. 1978).  Even under this less stringent standard, however, the pro se complaint is

still subject to summary dismissal.  The mandated liberal construction means only that if

the court can reasonably read the pleadings to state a valid claim on which the plaintiff

could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

A court may not construct the plaintiff's legal arguments for him.  *See Small v. Endicott*, 998

F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely

presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of

action for constitutional violations by persons acting under color of state law.  Section 1983

"'is not itself a source of substantive rights,' but merely provides 'a method for vindicating

federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting

*Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983

allows "a party who has been deprived of a federal right under the color of state law to seek

3

relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983. To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed."

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State

4

has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)).  State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support his claim and entitle him to relief.  When considering a motion to dismiss, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  However, the court "need not

5

accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 (Where a complaint pleads facts that are merely consistent with a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Here, because matters outside the pleadings have been presented to and not excluded by the Court, the Court treats the motion as one for summary judgment.

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).  A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id.* at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  *Id.* at 324.  Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue.  *Id.*  Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion.  *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  Further, Rule 56 provides

i

n pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

## DISCUSSION

Defendants argue that Plaintiff's Complaint must be dismissed because Plaintiff has failed to properly exhaust his administrative remedies; the Eleventh Amendment bars Plaintiff's claims against them in their official capacities; Plaintiff's claims for injunctive relief are moot; Plaintiff has failed to allege a violation of his First, Fifth, and Fourteenth Amendment rights; and Defendants are entitled to qualified immunity. [Doc. 25-1.] The Court agrees Defendants' motion for summary judgment should be granted because Plaintiff failed to exhaust his administrative remedies before filing the instant lawsuit.

Although Defendants' motion has been filed as a Rule 12 motion to dismiss, Defendants have submitted materials outside of the pleadings for the Court's

consideration.

> Where a defendant files a motion to dismiss for failure to state a claim upon which relief can be granted, the district court may, sua sponte, convert the motion to one for summary judgment if (i) matters outside the pleadings are presented to the court, (ii) all parties are given notice that the dismissal motion may be treated as one for summary judgment, and (iii) all parties receive a reasonable opportunity to conduct discovery and present pertinent materials.

*Blevins v. Loranth*, No. 09-cv-788-TLW-BM, 2010 WL 670099, at *1–2 (D.S.C. Feb. 22, 2010) (quoting *Onan v. County of Roanoke*, 52 F.3d 321 (4th Cir. 1995) (unpublished) (citing Fed.R.Civ.P. 12(b)(6))); *see also Strickland v. Turner*, No. 9:15-cv-275-PMD-BM, 2016 WL 1570166, at *4 n.1 (D.S.C. Apr. 19, 2016) (noting that "[w]hen a defendant uses evidence outside the pleadings to support a motion to dismiss under Rule 12(b)(6), the court cannot consider that evidence without converting the motion into one for summary judgment and, before deciding the motion, giving all parties a reasonable opportunity to present all the material that is pertinent") (internal quotation omitted).

Here, Defendants submitted matters outside the pleadings with their motion to dismiss. The Court then entered an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), notifying the parties that if matters outside the pleadings had been submitted, the matter would be considered as a motion for summary judgment, and directing Plaintiff to file a response within thirty-four days. [Doc. 26.] Plaintiff subsequently filed a response in opposition [Doc. 28], and a motion to strike Defendants' motion [Doc. 29]. Defendants filed a reply to Plaintiff's response [Doc. 34], which Plaintiff also moved to strike [Doc. 41]. Because the Court is not excluding matters outside the pleadings

10

submitted by Defendants, the undersigned has considered Defendants' motion under the standards for a Rule 56 motion for summary judgment.

**Exhaustion of Administrative Remedies**

Section 1997e(a) of the Prison Litigation Reform Act ("PLRA") provides that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the United States Supreme Court observed:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

*Porter v. Nussle*, 534 U.S. 516, 524–25 (2002) (internal citations and quotations omitted). Consequently, the PLRA's exhaustion requirement is mandatory and "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 524, 532. The exhaustion requirement applies even if the relief sought in the civil action is not available in the administrative proceedings. *See Booth v. Churner*, 532 U.S. 731, 741 (2001).

Exhaustion is defined by each prison's grievance procedure, not the PLRA; a prisoner must comply with his prison's grievance procedure to exhaust his administrative

11

remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). An inmate's failure to "properly take each step within the administrative process . . . bars, and does not just postpone, suit under § 1983." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002); *see also White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997) (upholding dismissal of an inmate's complaint because the inmate failed to proceed beyond the first step in the administrative grievance process). *But see Jones*, 549 U.S. at 219–24 (rejecting "total exhaustion rule" and holding that when presented with a complaint containing exhausted and unexhausted claims, courts should "proceed[] with the good and leave[] the bad"). Courts within the District of South Carolina have found an inmate exhausts his administrative remedies when he completes all steps of a prison's grievance procedure, and § 1997e(a) does not require inmates to further appeal to South Carolina's Administrative Law Court. *See, e.g.*, *Ayre v. Currie*, No. 05-cv-3410-HMH-BM, 2007 WL 3232177, at *7 n.5 (D.S.C. Oct. 31, 2007); *Charles v. Ozmint*, No. 05-cv-2187-DCN-RSC, 2006 WL 1341267, at *4 (D.S.C. May 15, 2006). Exhaustion is a prerequisite to suit that must be completed prior to filing an action. *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 677 (4th Cir. 2005).

Exhaustion is an affirmative defense; an inmate is not required to plead exhaustion in his complaint. *Jones*, 549 U.S. at 212; *Anderson*, 407 F.3d at 681. However, to survive a motion for summary judgment asserting he failed to exhaust, the inmate is required to produce evidence in response to the motion that refutes the claim that he failed to exhaust. *See Hill v. Haynes*, 380 F. App'x 268, 270 (4th Cir. 2010) (unpublished opinion) (holding that "to withstand a motion for summary judgment, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial" (citing Fed.R.Civ.P. 56(e)(2))); *see also Celotex*, 477 U.S. at 323–24 (stating that once

12

the party seeking summary judgment demonstrates there is no genuine issue of material fact, the non-moving party, to survive the motion for summary judgment, must demonstrate specific, material facts exist that give rise to a genuine issue).

### SCDC Grievance Procedures

The Court may take judicial notice of SCDC's grievance policy, SCDC Policy GA-01.12. *See Malik v. Ward*, No. 8:08-cv-01886-RBH, 2010 WL 936777, at *2 n.4 (D.S.C. Mar. 16, 2010) (holding that "[t]he Court may take judicial notice of the SCDC grievance process, specifically, SCDC Policy GA-01.12"). The policy has been summarized as follows:

> After an unsuccessful attempt at informal resolution of the problem(s) by submission of a Request to Staff Member Form or by discussion of the complaint with the appropriate supervisor/staff, (1) an inmate must fill out a Form 10-5, Step 1, and give the form to an employee designated by the Warden (not the Inmate Grievance Coordinator) within fifteen days of the alleged incident; (2) the grievance must then be numbered and entered into SCDC's automated system within ten working days, and the Institutional Inmate Grievance Coordinator (IGC) notified; (3) the IGC must then, within ten working days, finalize the grievance in the system and attempt to informally resolve the issue; if the problem cannot be resolved informally, the IGC will conduct a complete investigation and make recommendations for disposition of the matter to the Warden; (4) the Warden must respond to the inmate, in writing, within forty days from the date the grievance was formally entered into the system by the IGC, then the IGC has five working days to serve the Step 1 response to the inmate; (5) the inmate may then appeal the Warden's response to the Division Director of Operations by completing a Form 10-5a, Step 2, and submitting it to the IGC within five "calendar days" of the inmate's receipt of the response; (6) the IGC then notifies the Inmate Grievance Branch of the Step 2 appeal within another five "calendar days" and the Branch must present the Step 2 appeal to the responsible SCDC official, i.e. the Division Director of Operations, for a response; (7) the Division Director of Operations then has sixty days from the date the appeal was

> received by the IGC at the institution to respond to the Step 2
> grievance, and finally; (8) the IGC has five days to serve the
> inmate with the Step 2 response.

*McFadden v. Reynolds*, No. 3:13-cv-439-JMC-JRM, 2013 WL 1838656, at *3 n.2 (D.S.C.

April 11, 2013) (citing SCDC, Inmate Grievance System, GA-01.12, § 13.4 (Oct. 1, 2010)),

*Report and Recommendation adopted by* 2013 WL 1838644 (D.S.C. May 1, 2013); *see*

*also James v. Jones*, No. 0:13-cv-1869-DCN, 2014 WL 3867813, at * 2–3 (D.S.C. Aug. 5,

2014).

### *Plaintiff's Grievances*

Defendants have produced an affidavit from Sherman Anderson, SCDC Inmate

Grievance Branch Chief.  [Doc. 25-3.]  Attached to Anderson's affidavit are copies of

Plaintiff's relevant Step 1 and Step 2 Grievance Forms.  Plaintiff filed eighteen Step 1

grievances related to his claims.  [*Id.* at 10–74.]  Thirteen of those grievances were

returned to Plaintiff "unprocessed" for failure to follow the proper inmate grievance

procedure.  [*Id.*]  Four grievances were either directly advanced to Step 2 or were denied

by the Warden and Plaintiff then filed Step 2 grievances.  [*Id.*]

On May 27, 2015, Plaintiff filed Grievance Number KCI-0548-15, alleging a hearing

violation because he had not been present at his May 15, 2015 STG hearing.  [*Id.* at 29.]

On June 16, 2015, Grievance Number KCI 0548-15 was denied.  [*Id.* at 30.]  Plaintiff

appealed the decision and filed a Step 2 grievance on July 3, 2015.  [*Id.* at 32.]

On June 20, 2015, Plaintiff filed Grievance Number LCI-0567-15, requesting that he

be present at his monthly STG hearings.  [*Id.* at 38.]  The grievance was denied on

September 2, 2015, and on that same day, Plaintiff filed a Step 2 grievance appealing the

Warden's decision.  [*Id.* at 42.]

14

On July 13, 2015, Plaintiff filed Grievance Number LCI-0639-15, requesting that he be authorized to receive SCDC Policy/Procedure OP-21.01 "Security Threat Group." [*Id.* at 47.]  The grievance was denied on September 29, 2015.  [*Id.* at 48.]  On October 9, 2015, Plaintiff filed a Step 2 grievance appealing the Warden's decision.  [*Id.* at 51.]

On August 19, 2015, Plaintiff filed Grievance Number LCI-0813-15, alleging that Ms. Disbrow and Ms. Thomas violated Policy GA-01.12 because they did not process Grievance Number LCI-0567-15 within 45 days.  [*Id.* at 62.]  Plaintiff's grievance was advanced directly to Step 2.  [*Id.* at 63.]  At the time Plaintiff filed the instant action on August 17, 2015, final decisions had not been made regarding any of Plaintiff's Step 2 grievances.  [Doc. 25-3.]

In his response, Plaintiff argues that SCDC officials violated SCDC Policy GA-01.12 when they failed to timely respond to Step 1 of Grievance Number LCI-0567-15; thus, he need not exhaust his administrative remedies because they were inadequate or applied in such a manner as to deny Plaintiff's rights.  [Doc. 28 at 1.]  Based on the record before the Court, Plaintiff failed to properly exhaust his claims before he filed the present lawsuit on August 17, 2015.  Plaintiff submitted Step 1 of Grievance Number LCI-0567-15 on June 20, 2015.  It is well settled that SCDC inmates must refrain from filing suit in federal court until the time periods for both Step 1 and Step 2 grievances to be completed have expired.  *See, e.g., McKenny v. Reynolds*, No. 4:11-cv-00366-RBH, 2011 WL 1225685, at * 2 (D.S.C. March 31, 2011) (referencing SCDC Policy/Procedure GA–01.12); *see also Kelly v. White*, No. 4:10-cv-982-JFA-TER, 2011 WL 939015, at *2 (D.S.C. March 16, 2011); *Jones v. Kay*, No. 4:07-cv-3480-SB, 2007 WL 4292416, at *5 (D.S.C. Dec. 5, 2007) (finding that "when the Warden fails to respond to an inmate's Step 1 grievance, the inmate must refrain from

15

filing suit in federal court until all time periods for both steps to be completed have expired"). Plaintiff filed the instant action well before this time period expired. What is more, Grievance Number LCI-0567-15 was denied on September 2, 2015, and Plaintiff filed a Step 2 appeal that same day. Hence, Plaintiff did not properly exhaust his grievances *prior to* filing this lawsuit. *See, e.g., Page v. Paduly*, No. 9:09-cv-0952-RMG-BM, 2010 WL 4365644, at *1–2 (D.S.C. Oct. 28, 2010) (finding that Plaintiff failed to exhaust his administrative remedies where Plaintiff either did not properly pursue a grievance concerning the issues raised in the case prior to filing the lawsuit or did not even file his grievances until after the lawsuit had already commenced); *see also Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005) (holding a prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (holding a prisoner "may not exhaust administrative remedies during the pendency of the federal suit"); *Graham v. Perez*, 121 F.Supp.2d 317, 322 (S.D.N.Y. 2000) (holding where a prisoner files grievance but fails to afford prison officials adequate time to investigate and respond before filing his complaint, the prisoner has failed to exhaust available administrative remedies). Because Plaintiff failed to exhaust his administrative remedies in accordance with SCDC's procedures prior to filing the instant action, Defendants' motion for summary judgment should be granted.

## **RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Defendants' motion for summary judgment [Doc. 25 ] be GRANTED. Further, the Court recommends Plaintiff's motions to strike Defendants' motion [Doc. 29] and reply [Doc. 41], and for

16

appointment of counsel [Doc. 54] be FOUND AS MOOT.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 27, 2016
Greenville, South Carolina